# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENIE GONZALEZ,** : | |
| : | **CIVIL ACTION NO. 3:13-2582** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE,** | |
| : | |
| **Defendant** | |
| : | |

# **M E M O R A N D U M**

Pending before the court is a report and recommendation filed by Magistrate Judge Susan E. Schwab on November 13, 2013, to which no objections have been filed. (Doc. No. 8). In her report, Judge Schwab recommends that the instant action be dismissed upon preliminary consideration. Upon review, the court will adopt Judge Schwab's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether

timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As indicated in Judge Schwab's report, on October 17, 2013, the plaintiff, a state prisoner, filed the instant civil rights action pursuant to 42 U.S.C. §1983, in which he alleges that the Pennsylvania Board of Probation and Parole decided that he should not be credited for the time he was in custody from September 30, 2012, to May 31, 2013, and also improperly added 110 days of "delinquent time" to his sentence. As a result of the Board's actions, the plaintiff alleges that, as of September 29, 2013, he has been falsely imprisoned, and seeks immediate release from custody and damages for each day he has been imprisoned after September 29, 2013.

Giving the plaintiff's complaint preliminary review pursuant to the provisions of 28 U.S.C. §1915A, Judge Schwab determined that the plaintiff's civil rights claim against the Pennsylvania Board of Probation and Parole is barred by the Eleventh Amendment; that the plaintiff cannot seek release from custody by way of a civil rights action; and that the plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Given that any amendment to the complaint would be futile because the plaintiff's claims are barred by Heck, Judge Schwab recommends that the complaint be dismissed with prejudice.

The court has reviewed each of the recommended bases for dismissal. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

*s/Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**Date: January 8, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2582-01.wpd